Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8773 | **DATE** | 12/21/2011 |
| **CASE TITLE** | Vazquez, et al. vs. Cake Production, Inc., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiff Flor Gurrola's application for leave to proceed *in forma pauperis* [5] and grants in part Plaintiff Mirna Vazquez's application for leave to proceed *in forma pauperis* [4]. Pursuant to Local Rule 3.3(e), the Court requests that the Clerk notify Vazquez that she must pay a filing fee of $100.00 within 15 days of the date of the Clerk's notice if Vazquez wishes to proceed with this lawsuit. The Court directs the U.S. Marshal's office to effect service of Plaintiffs' complaint on Defendants.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court are Plaintiffs Mirna Vazquez and Flor Gurrola's applications for leave to proceed *in forma pauperis* [4, 5]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," 28 U.S.C. § 1915(a)(1), so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The HHS poverty guidelines for 2011 for the 48 contiguous states and the District of Columbia set the poverty level for a family of three at an annual income level of $18,530, and for a family of two at an annual income level of $14,710.

In her financial affidavit, Flor Gurrola avers that she has a monthly income of $1,000 per month. Gurrola, who is unmarried with two young children, has no other sources of income or assets. Because her income falls below the poverty line for a family of three, the Court grants Gurrola's application for leave to proceed *in forma pauperis* [5].

The other named plaintiff in the case, Mirna Vazquez, states in her financial affidavit that she is currently unemployed, but that her husband makes $2,200 each month. Vazquez contends that her family has no other

| STATEMENT |
|---|

sources of income or assets, other than one vehicle, in which she has approximately $5,400 of equity. Vazquez states that she has no children dependent upon her for support, but that she and her husband contribute $500 each month to support her brother.

Even taking into account the money that she sends to her brother each month, Vazquez's yearly income is above the poverty line for a family of two. However, Vazquez need not be penniless to proceed *in forma pauperis*. See *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Because payment of the full filing fee may prevent her from providing for life's necessities, the Court grants Vazquez's application in part [4] and allows her to proceed paying only a portion of the filing fee. See *id.* at 993 ("If a litigant cannot pay the full filing fee or other court expenses, but it would not be economically unfair for him to pay a portion of the costs, it should be within the court's authority to order payment of a portion of the expense while waiving the remainder."). Pursuant to Local Rule 3.3(e), the Court requests that the Clerk notify Vazquez that she must pay a filing fee of $100.00 within 15 days of the date of the Clerk's notice if Vazquez wishes to proceed with this lawsuit. If Vazquez requires a brief extension of that deadline, she may file an appropriate motion with the Court requesting additional time to comply. If the Clerk notifies the Court that the filing fee has not been paid by the deadline (or any extension of the time that the Court may allow), Vazquez's claim will be subject to dismissal without prejudice.

The Court directs the U.S. Marshal's office to effect service of Plaintiffs' complaint on Defendants.